# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CASE ENERGY SERVICES, LLC | CIVIL ACTION NO. 17-1043 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PADCO ENERGY SERVICES, LLC | MAG. JUDGE CAROL B. WHITEHURST |

## RULING

Before the Court is Defendant Case Energy Services, LLC's "Motion to Withdraw Reference Pursuant to 28 U.S.C. 157(d)." [Doc. No. 1]. Plaintiff Padco Energy Services, LLC opposes the motion. [Doc. No. 12]. For reasons that follow, the motion is DENIED.

## I.    FACTS AND PROCEDURAL HISTORY

On October 4, 2016, Plaintiff Padco Energy Services, LLC ("PES") filed for Chapter 11 bankruptcy in United States Bankruptcy Court, Western District of Louisiana. *In re Padco Energy Servs., LLC*, No. 16-51380 (Bankr. W.D. La. filed Oct. 4, 2016). On the same day and in the same court, Padco Pressure Control, LLC ("PPC"), an affiliate of PEC, filed for Chapter 11 bankruptcy. *In re Padco Pressure Control, LLC*, No. 16-51381 (Bankr. W.D. La. filed Oct. 4, 2016).

On January 26, 2017, PES filed an adversary case against Defendant Case Energy Services, LLC ("CES"), alleging that CES possesses its property and owes PES for both equipment it rented and for renting PES's equipment to a third party. *Padco Energy Servs., LLC v. Case Energy Servs., LLC, et al.* (*In re Padco Energy Servs., LLC*), No. 16-51380, Adv. No. 17-05002 (Bankr. W.D. La. filed Jan. 26, 2017).

On March 21, 2017, PES filed a second adversary case against CES and Jason Farnell.

*Padco Energy Servs., LLC v. Case Energy Servs., LLC, et al.* (*In re Padco Energy Servs., LLC*), No. 16-51380, Adv. No. 17-05006 (Bankr. W.D. La. filed March 21, 2017). PES alleges that CES engaged in fraudulent billing practices with respect to PES's affiliate, PPC. PES also alleges that CES placed oil and gas liens on several wells even though PES does not owe CES. PES does not allege that it owns the wells; rather, PES alleges that, as a result of the liens, it has lost business relationships, opportunities, and revenue. It seeks a judgment under the Louisiana Unfair Trade Practices Act declaring that the liens are "untimely, improperly taken, and wholly without any legal effect." *Id.*

PPC also filed an adversary case against CES on March 21, 2017. *Padco Pressure Control, LLC v. Case Energy Servs., LLC, et al.* (*In re Padco Pressure Control, LLC*), No. 16-51381, Adv. No. 17-05007 (filed March 21, 2017). PPC's allegations mirror the allegations in PES's two adversary cases.[1]

On August 15, 2017, CES filed the instant Motion to Withdraw Reference, seeking to withdraw the consolidated adversary cases from the bankruptcy court and adjudicate the disputes in this Court. [Doc. No. 1]. PES and PPC (collectively, "Padco") responded to the motion on September 20, 2017 [Doc. No. 12], and CES replied on September 28, 2017 [Doc. No. 13].

## II. LAW AND ANALYSIS

### A. Mandatory Withdrawal

CES first moves for mandatory withdrawal. Under 28 U.S.C. § 157(d), "The district court shall, on timely motion of a party, [] withdraw a proceeding if the court determines that resolution

---

[1] On August 24, 2017, the bankruptcy court consolidated the three adversary cases and ordered the clerk of court to docket all filings in Adv. No. 17-05002.

of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Withdrawal is mandatory when: (1) the proceeding involves a "substantial and material question of both title 11 and non-Bankruptcy Code federal law"; (2) "the non-Bankruptcy Code federal law has more than a *de minimis* effect on interstate commerce"; and (3) "the motion for withdrawal has been timely filed." *Jones v. Walter Mortgage Co.*, 2009 WL 2999195, at *2 (N.D. Miss. Sept. 16, 2009); *see Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347 (S.D. Tex. 2009).

It is undisputed that CES timely filed the motion. However, Padco argues that the consolidated cases do not involve substantial and material consideration of non-bankruptcy federal law.

"To find that a claim involves 'substantial and material consideration' of non-bankruptcy federal law, the court must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law."[2] *Rodriguez*, 421 B.R. at 348. Here, CES argues that the case requires the Court to consider non-bankruptcy federal laws because Padco seeks "extensive injunctive relief under Federal Rule of Civil Procedure 65." [Doc. No. 1-1, p. 9]. CES does not elaborate and offers no argument that the adversary cases involve questions concerning the *interpretation* of Rule 65. Given that, the Court finds that the consolidated cases do not involve substantial and material consideration of non-bankruptcy federal law. Rule 65 is well-settled, and

---

[2] *See In re Serv. Marine Indus., Inc.*, 2000 WL 777912, at *2 (E.D. La. May 30, 2000) (remarking that there must be a *significant* interpretation of non-bankruptcy federal issues).

Padco's claims for injunctive relief will involve the mere application of Rule 65.[3]

As to the second prong of the test above, neither party offers an argument as to whether any non-bankruptcy federal laws at issue have more than a *de minimis* effect on interstate commerce. Regardless, the Court finds that Rule 65, a procedural rule rather than a substantive law, does not *regulate* organizations or activities and does not have more than a *de minimis* effect on interstate commerce. Accordingly, CES's motion for mandatory withdrawal is DENIED.

### B.      Permissive Withdrawal

CES also seeks permissive withdrawal. Under 28 U.S.C. § 157(d), "The district court may withdraw, in whole or in part, any case or proceeding referred . . ., on its own motion or on timely motion of any party, for cause shown."

"The decision to withdraw a reference from bankruptcy court is within the court's discretion, but the decision must be based on a sound, articulated foundation." *Leslie Burleigh v. Hometown Credit, LLC*, 2017 WL 4400111, at *3 (S.D. Miss. July 18, 2017) (internal quotation marks and quoted sources omitted). Courts consider: (1) whether the proceeding is core or non-core; (2) whether withdrawal would foster a more economical use of the parties' resources; (3) whether withdrawal would expedite the bankruptcy process; (4) whether withdrawal would reduce forum shopping and promote uniformity; and (5) whether jury demands have been made. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).[4]

---

[3] Revealingly, CES contends that Padco lacks "standing to bring the injunctive relief claims . . . ." [Doc. No. 13, p. 7]. CES's contention belies its argument that the Court will have to consider Rule 65 to adjudicate Padco's injunctive relief claims.

[4] "Courts have generally interpreted this provision restrictively. Because withdrawal of a reference is not intended to be an 'escape hatch' from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings." *Massey v. Genco*, 1996 WL

4

Here, CES carries the burden of showing cause for permissive withdrawal, yet it makes no argument that the proceeding is non-core;[5] instead, CES states, "Any question as to whether these three adversary proceedings are 'core' or 'non-core' can be ordered to be decided by the Bankruptcy Judge . . . ." [Doc. No. 1-1, p. 15].[6] Given the lack of argument, as well as the fact that Padco primarily asserts state law claims,[7] this factor favors maintaining the reference to the bankruptcy court.

As to whether withdrawal would foster a more economical use of the parties' resources, CES argues that this Court, in contrast to courts in Lafayette, is geographically positioned to compel witnesses to testify.[8] [Doc. No. 1-1, p. 16]. However, CES does not identify any witnesses that refuse to testify and, even if it did, CES could take those witnesses' trial depositions.[9]

---

537662, at *2 (E.D. La. Sept. 19, 1996).

[5] "This determination is significant because it defines the extent of the bankruptcy court's authority to grant relief: Bankruptcy judges can 'hear and determine' core proceedings and 'enter appropriate orders and judgments,' i.e., final judgment, but in non-core proceedings, absent consent of all parties to the proceeding, they may not enter final judgments and instead, may only 'submit proposed findings of fact and conclusions of law' for the district court's de novo review . . . ." *Burleigh*, 2017 WL at *3 (quoting *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015)).

[6] Title 28, United States Code, Section 157(b)(2) sets forth a non-exhaustive, illustrative list of matters considered "Core proceedings." Extrapolating on this list, the Fifth Circuit has noted that a proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

[7] "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

[8] Although this proceeding is pending in the Lafayette Division of the Western District of Louisiana, the undersigned presides in Monroe, Louisiana.

[9] *See* FED. R. CIV. P. 32(a)(4)(B).

5

CES also argues, relatedly, that "[p]otential witnesses and evidence are solely located in north Louisiana and east Texas[,]" and that "repeated travel and hearings in Lafayette, before the bankruptcy court, would be grossly inefficient." [Doc. No. 13, p. 10]. To this extent, it appears that CES is attempting to re-litigate its motion for intra-district transfer, which the bankruptcy court denied[10] and which is currently pending on appeal.[11] CES also appears to be re-litigating its motion to transfer venue, which this Court denied two times each concerning PES and PPC.[12] In fact, CES admits that it addressed "all of these issues" in its previous "intra-district transfer motions and appeals" and that the issues are "part of the pending appeals . . . ." [Doc. No. 13, p. 10].[13] Consequently, this factor favors maintaining the reference to the bankruptcy court.

Turning to whether withdrawal would expedite the bankruptcy process, CES argues, baldly, that this Court's "expertise, familiarity and resources are helpful and necessary to processing the claims, issues and bringing the adversary actions into focus so that any claims remaining can be brought to a final judgment." [Doc. No. 13, p. 10-11]. CES also argues, again with no explanation,

---

[10] *Padco Energy Servs., LLC*, (*In re Padco Energy Servs., LLC*), No. 16-51380, Adv. No. 17-05006 (Doc. No. 26).

[11] *Case Energy Servs., LLC v. Padco Pressure Control, LLC*, No. 17-884 (W.D. La. filed July 9, 2017).

[12] In *In re: Padco Pressure Control, LLC*, No. CV 16-MC-0056, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) and *In re Padco Energy Servs., LLC*, No. CV 16-MC-0055, 2017 WL 161642, at *1 (W.D. La. Jan. 13, 2017), this Court denied both of CES's Motions to Transfer Venue Based on Forum Non Conveniens and subsequently denied both of CES's motions to reconsider the prior orders denying its initial motions.

[13] Of note, while CES argues that withdrawing the proceedings to this Court would result in the most economical use of the parties' resources, it also contends that this Court "could refer the action" to a magistrate judge "for pre-trial matters." *Id.* at 11. What CES overlooks, however, is that the magistrate judge assigned to this proceeding is located in Lafayette, the city CES seeks to avoid.

that this Court "is in the best position to render final judgment and avoid further contests to the jurisdiction of the bankruptcy court." *Id.* at 11. The Court disagrees with CES's assessment. As the bankruptcy court is familiar with the three adversary proceedings and has expeditiously conducted the proceedings since January of 2017, and considering that those proceedings are interlaced with the two underlying bankruptcy proceedings, maintaining the reference will promote the most expeditious and uniform[14] administration of the bankruptcy process.[15]

With respect to whether withdrawal would reduce forum shopping, CES contends: "As shown in the motions for intra-district transfer [both in the bankruptcy actions and the adversary proceedings] and the affidavits and evidence submitted [also part of the present appeal records . . .], debtors engaged in forum shopping, presumably to avoid filing their bankruptcies in the Shreveport Division." [Doc. No. 1-1, p. 16 (internal brackets in original)]. The Court, however, again finds that CES is attempting to re-litigate motions that the Court, as well as the bankruptcy court, has denied multiple times. Moreover, as Padco points out, CES's multiple motions for transfer reflect *CES's* attempt to forum shop: "CES' motion is nothing more than yet another attempt, now [its] fourth

---

[14] Regarding uniformity, CES provides little argument other than asserting that the adversary proceedings involve state laws and citing to a case holding that state law claims have "no impact that require uniform" adjudication. [Doc. No. 13, p. 8]. Tellingly, with respect to uniformity and expeditiousness, CES admits that the state law "claims would not impact the processes at work in the bankruptcy court at all." *Id.*

[15] *See generally, Adler v. DJ Robinson Const. Inc.*, 2013 WL 5507152, at *3 (E.D. La. Oct. 1, 2013) ("Maintaining parallel proceedings in this matter, which seeks to enforce contract[] rights of the Debtor, seeks to recover assets for the benefit of creditors, and seeks turnover of estate property, would neither be an economical use of the parties' resources nor expedite the bankruptcy process."); *In re Abyssinia Corp.*, 2006 WL 2405732, at *5 (Bankr. S.D. Tex. June 14, 2006) ("When a debtor, or a trustee administering the bankruptcy estate, needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the parties' resources are best met by allowing the suit to remain in the bankruptcy court.").

7

attempt overall and [its] second with this court, to 'forum shop' this case out of the bankruptcy court in Lafayette." [Doc. No. 12, p. 5]. To this end, "*Motions to withdraw* pose significant risks of forum shopping because a party can first observe the bankruptcy judge's rulings, and then decide whether to bring the motion." *City Bank v. Compass Bank*, 2011 WL 5442092, at *6 (W.D. Tex. Nov.9, 2011) (emphasis added).[16] In sum, this factor favors maintaining the reference.

Finally, with respect to the last prong of the *Holland* test, CES demands a jury in all three adversary proceedings.[17] Padco, however, argues that CES waived its right to trial by jury when it filed a proof of claim in the underlying bankruptcy proceeding. [Doc. No. 12, pp. 4; 12].

In *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (internal quotation marks omitted), the Supreme Court held that if a creditor is met with a debtor's[18] action to determine legal rights (i.e. a suit at common law), that action becomes part of the claims-allowance process and is not triable by a jury if the creditor files a proof of claim against a bankruptcy estate. *Id.* By filing the proof of claim, "the creditor triggers the process of 'allowance and disallowance of claims,' thereby

---

[16] "The district court must be careful to assess *the movant's* intent in seeking withdrawal to the district court." *Kingdom Fresh Produce, Inc. v. Delta Produce, LP*, 2015 WL 869240, at *4 (W.D. Tex. Feb. 27, 2015) (emphasis added).

[17] "Whether there is a right to a jury trial is also an important consideration because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent." *Burleigh*, 2017 WL at *3 (citing *Holland*, 777 F.2d at 999). Notably, "'a number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time as it is determined that a jury trial must be conducted.'" *Id.* (quoting *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 854 (E.D. La. 2014) (collecting cases)).

[18] The creditor in *Langenkamp* was met with an action from a trustee. *Langenkamp*, 498 U.S. at 44. However, "a *Langenkamp* inquiry focuses on the nature of the claim and not on who has brought the claim." *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014). Here, therefore, *Langenkamp* applies even though Padco initiated the adversary proceedings.

subjecting himself to the bankruptcy court's equitable power." *Id.*

CES counters that the claims in the adversary proceedings are not "integrally related" to CES's proof of claim or the restructuring of the debtor-creditor relationship. [Doc. No. 13]. To this end, the Supreme Court held that "the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*." *Langenkamp*, 498 U.S. at 44. The Court did not explicitly state whether the preference action was integrally related to the restructuring of the debtor-creditor relationship simply *because* the creditor filed a claim or whether the action was so related because the creditor's claim and the preference action involved integrally similar legal and factual issues. The Fifth Circuit, however, has chosen the latter: relying on *Stern v. Marshall*, 564 U.S. 462, 496 (2011), the Fifth Circuit opined that, to decide whether a creditor is entitled to a jury trial, courts must examine whether the resolution of the creditor's proofs of claim "will necessarily require the resolution of the debtor's" claims against the creditor. *U.S. Bank Nat. Ass'n*, 761 F.3d at 418.[19]

Here, CES is not entitled to a jury trial. Padco alleges in the adversary proceedings that CES possesses its equipment, that CES owes Padco for equipment it rented from Padco, that CES owes Padco for renting Padco's equipment to a third party, that CES engaged in fraudulent billing practices, and that CES improperly placed oil and gas liens on several wells. Integrally related to those allegations, CES recites in its proof of claim that the basis for the claim is "sale of oilfield equipment/related services and oil well liens." [Doc. No. 12, p. 7]. In support of its claim, CES attached a list of unpaid invoices. *Id.* at 10-11. Plainly, the claims in Padco's adversary proceedings

---

[19] The Fifth Circuit ultimately concluded that the resolution of the debtor's claim and the creditor's proofs of claim were indeed "interconnected" and would "directly impact the claims-allowance process." *Id.* at 420.

against CES are integrally related to CES's proof of claim in the underlying bankruptcy proceeding and, consequently, to the restructuring of the debtor-creditor relationship.

On balance, the *Holland* factors weigh against withdrawing the adversary proceedings.

## III. CONCLUSION

For the reasons set forth above, Defendant Case Energy Services, LLC's "Motion to Withdraw Reference Pursuant to 28 U.S.C. 157(d)" [Doc. No. 1] is DENIED.

MONROE, LOUISIANA, this 11th day of October, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE